UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:

Kersandra Brooks,                               Case No.: 17-13719-RBR
Debtor.                                         Chapter 13
_____/

## MOTION FOR RELIEF FROM AUTOMATIC STAY

YELLOWSTONE CAPITAL, LLC (hereinafter referred to as "MOVANT" or "SECURED CREDITOR"), by and through its undersigned attorney, hereby moves for relief from the automatic stay pursuant to 11 USC §362(d), and in support thereof states as follows:

1. On or about March 28, 2017, the above referenced Debtor filed a Voluntary Petition for Relief pursuant to Chapter 13 of the United States Bankruptcy Code.

2. Jurisdiction in this cause is granted to the Bankruptcy Court pursuant to 28 USC §1334 and 11 USC §362, and all other applicable rules and statutes affecting the jurisdiction of the Bankruptcy Court generally.

3. On or about January 9, 2007, the Debtor, Kersandra Brooks executed and delivered a Note as well as a Mortgage securing payment of the Note to Mercantile Mortgage Company, which is now owned and held by SECURED CREDITOR. The property described in the Mortgage was and is now owned by, and in possession of, the Mortgagor. The Mortgage was recorded in the Official Records of Broward County, Florida on or about January 19, 2007 at Book 43460, Pages 1454-1469. See a copy of the Note and Mortgage with the chain of Assignments of Mortgage attached hereto, and incorporated herein as composite Exhibit "A."

4. The Mortgage secures the following real property located in Broward County, Florida, to wit:

    **LOT "A", BLOCK 4, AMENDED PLAT OF DILLARD PARK, ACCORDING TO THE PLAT THEREOF, AS RECORDED IN PLAT BOOK 33, AT PAGE(S) 32 OF THE PUBLIC RECORDS OF BROWARD COUNTY, FLORIDA.**

    **PROPERTY ADDRESS: 2348 NW 15th Court, Fort Lauderdale, FL 33311**

5. The MOVANT respectfully requests that this Court grant it relief from the automatic stay in this case pursuant to §362(d)(1) of the Bankruptcy Code, for cause, namely the lack of adequate protection to MOVANT for its interest in the above stated collateral. The value of the collateral is insufficient in and of itself to provide adequate protection which the Bankruptcy Code requires to be provided to the MOVANT taking into account the value

of the property and the amount of the MOVANT's first Mortgage including all arrearages and attorney's fees and costs.

6. In support of this Motion for Relief from Automatic Stay, under §362(d) of the Bankruptcy Code, MOVANT would show that it would be inequitable to permit the Debtor to retain the collateral, that there is no equity in the collateral and that said collateral is not necessary for an effective reorganization by the Debtor.

7. MOVANT submits that lack of adequate protection is the appropriate ground for relief which MOVANT seeks under §362(d), and that the possible existence of equity over and above the indebtedness, which MOVANT denies exists, would not, even if it did exist, constitute adequate protection as contemplated by the Bankruptcy Code. Additionally, MOVANT would show that its indebtedness continues to accrue interest while the Debtor enjoys the benefit of the collateral without following the requirements of the Bankruptcy Code.

8. If MOVANT is not permitted to enforce its security interest in the collateral or provided with adequate protection, it will suffer irreparable injury, loss and damage.

9. The unpaid principal balance due is in the amount of $131,072.35.

10. The regular monthly payment amount is $998.46.

11. The total pre-petition arrearage is $31,348.72 as of March 28, 2017.

12. The total amount of indebtedness owed pre-petition is $154,919.94. Please see attached Affidavit in Support of Motion for Relief incorporated herein as Exhibit "B."

13. The subject loan is contractually due for the date of October 1, 2014.

14. The value pursuant to the Broward County Property Appraiser's Office is $107,510.00 making MOVANT a secured creditor that is not adequately protected pursuant to the Bankruptcy Code. Please see a copy of the Miami-Dade County Property Appraiser's Report attached hereto and incorporated herein as Exhibit "C."

**WHEREFORE, PREMISES CONSIDERED,** MOVANT prays that the Debtor be cited to appear herein; that upon Final Hearing (if necessary) this Court enter an Order granting relief from the automatic stay under 11 USC §362(d) to allow the MOVANT to continue its in rem foreclosure, to permit MOVANT to take any and all steps necessary to exercise any and all rights it may have in the collateral described herein, and to gain possession of said collateral, together with such further relief as this Honorable Court deems that MOVANT is entitled.

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States Bankruptcy Court for the Southern District of Florida, and I am in compliance with the additional qualifications to practice in this Court as set forth in the Local Rules.

          **Law Offices of Damian G. Waldman, P.A.**
          10333 Seminole Blvd., Units 1 and 2
          Seminole, FL 33778
          (727) 538-4160 – Telephone
          (727) 240-4972 – Facsimile
          Email: **damian@dwaldmanlaw.com**
          Attorneys for Secured Creditor

          <u>/s/ Damian Waldman, Esq.</u>
          Damian Waldman, Esq.
          Florida Bar No.: 0090502

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was served by CM/ECF notice and/or regular mail to the parties below this 21st day of April 2017.

Kersandra E. Brooks
2348 NW 15TH Ct.
Fort Lauderdale, FL 33311

Chad T Van Horn
330 N Andrews Ave #450
Ft Lauderdale, FL 33301
Email: Chad@cvhlawgroup.com

Robin R Weiner
P.O. Box 559007
Fort Lauderdale, FL 33355


Office of the US Trustee
51 S.W. 1st Ave., Suite 1204
Miami, FL 33130


/s/ Damian Waldman, Esq.
Damian Waldman, Esq.
Attorneys for Secured Creditor